The Honorable Benny Petrus State Representative 607 South Park Avenue Stuttgart, AR 72160
Dear Representative Petrus:
I am writing in response to your request for an opinion concerning the amount due by the City of Hazen to the District Judge Retirement Fund. You have attached a letter from the Mayor of Hazen to the District Judge Retirement System ("DJRS") recounting the factual background of this situation.
The city of Hazen, throughout the 22 years of Gary Rogers' service as a municipal judge, did not withhold any taxes or social security from his checks, reasoning that he was a "contract laborer." Judge Rogers was never enrolled in the Arkansas Public Employee Retirement System ("APERS") nor was a local retirement fund established under A.C.A. §§24-8-301 through -319 and §§ 24-8-401 through -410 (Repl. 2000 Supp. 2003). The DJRS has notified Hazen that the city owes the retirement system $107,433.71 in a lump sum or $8,659.00 per year for thirty years. Hazen objects to this assessment claiming that it has made payments to the "Judicial Retirement Fund" prior to 1995 as a forerunner of the Administration of Justice Fund believing that the payments made were to be used for the "judges retirement program." The DJRS maintains that Hazen is required to pay the system in one of the two methods outlined above.
With this background, I will paraphrase the question presented as:
 Should money submitted to the "Judicial Retirement Fund" prior to 1995 be credited towards the actuarially determined liability a municipality owes the DJRS?
RESPONSE
In my opinion, money remitted to the state for the Judicial Retirement System prior to 1995 was to fund the retirement programs for trial and appellate level judges and not the retirement program for municipal court judges under A.C.A. § 24-8-301 through -410. I am unable to offer an opinion regarding the status of municipal retirement program for the City of Hazen because of questions of fact this office is neither able nor equipped to resolve. Specifically, because the City of Hazen is located in Prairie County, with two county seats, the Arkansas Code specifies that if Prairie County was primarily responsible for funding the Hazen municipal court, the Prairie County quorum court was to elect whether to fund a local municipal court retirement plan or to enroll the municipal judge in APERS. Without information regarding whether Prairie County paid primarily for the municipal court and judge and if so which retirement system the Prairie County Quorum Court chose under A.C.A. § 24-8-315, I cannot reach a conclusion.
The DJRS is a state-run retirement system for district judges.[1] The General Assembly established the Arkansas District Judge Retirement Fund in Act 1374 of 2003. The District Judge Retirement Fund replaces with a state plan various local retirement plans for municipal judges. See
A.C.A. §§ 24-8-802(4) and -810(a). The DJRS determined the actuarial liability as of December 31, 2004 for each municipality required to pay for the benefits accrued prior to that date. A.C.A. § 24-8-810(a). Each municipality was required to pay the DJRS the actuarial liability as of January 1, 2005. Id.
The question presented concerns funds remitted to the state for the benefit of the "Judicial Retirement System" prior to 1995. Prior to the enactment of Act 1256 of 1995, a three-dollar fee was assessed on the defendant in every conviction, guilty plea, nolo contendere plea, or bond forfeiture in traffic violation cases before a municipal court to be remitted to the state for the benefit of the Judicial Retirement System. A.C.A. § 16-17-112 (repealed by Act 1256 of 1995). The Judicial Retirement System administers the judicial retirement fund for "chancery, circuit, and Court of Appeals judges and Supreme Court Justices, whether elected or appointed to office[.]"[2] A.C.A. §24-8-207(a) (Repl. 2000). Simply put, this fee paid to the state judicial retirement fund was solely with respect to the retirement system fortrial or appellate judges and not the judges of limited jurisdictioncourts such as a municipal judge. See, e.g. Op. Att'y Gen. 96-212.
An additional fee of one dollar was to be imposed on each conviction, guilty plea, nolo contendere plea, and bond forfeiture in misdemeanor, traffic violation, and city ordinance violation cases. A.C.A. § 24-8-303
(repealed by Act 1256 of 1995). This amount was to be retained by the municipality prior to 1995 to be used in funding a local municipal court retirement fund pursuant to A.C.A. §§ 24-8-301 through -410. Id.
In my opinion, payments submitted to the Judicial Retirement Fund prior to Act 1256 of 1995 were intended for the judicial retirement program serving circuit judges and chancellors, not inferior court judges. These payments were independent of the funds Hazen was to retain pursuant to A.C.A. § 24-8-303 for a local municipal judge retirement program under A.C.A. §§ 24-8-301 through -410 and do not affect the actuarially determined liability the city may owe the DJRS pursuant to A.C.A. § 24-8-810(a) (Supp. 2003).
Retirement for municipal, now district, judges was governed by the abovementioned Title 26, Chapter 8, Subchapters 3 and 4 of the Arkansas Code. Hazen is located in Prairie County which has two county seats, and therefore falls under the provisions of A.C.A. § 24-8-315 if Prairie County primarily funded the Hazen municipal court. See Op. Att'y Gen.95-202. Specifically, Section 315 provides that:
 (a) The quorum court of any county which is divided into two (2) districts and has two (2) county seats and in which the municipal court is funded primarily by the county shall have the option to provide retirement benefits for the municipal court judge and the municipal court clerk under a local retirement plan provided for in § 24-8-301 et seq. or to include the municipal court judge and the municipal court clerk in the Arkansas Public Employees' Retirement System.
 (b)(1) In any county which is divided into two (2) districts and has two (2) county seats and in which the municipal court is funded primarily by the county, the quorum court is authorized to create a municipal court retirement board of trustees.
A.C.A. § 24-8-315 (a) and (b) (Repl. 2000).
The quorum court of Prairie County, therefore, if it primarily funded the municipal court of Hazen, either elected one of the two retirement options or failed to meet its statutory duties of choosing a retirement option for a municipal judge. While the question of whether Prairie County was primarily responsible for funding the Hazen municipal court is a question of fact that this office is neither equipped nor authorized to answer, I will attempt to offer some guidance as to the controlling law in the various possible situations.
If Prairie County was not responsible for primarily funding the municipal court of Hazen, the City of Hazen is responsible for the entire actuarially determined amount due to DJRS under A.C.A. § 24-8-810. By operation of state law, a trust fund was created in each city of the first and city of the second class not covered under A.C.A. § 24-8-315 to be responsible for paying the retirement benefits for municipal judges. See
A.C.A. §§ 24-8-301 through -319; and §§ 24-8-401 through -410; see also
Ops. Att'y Gen. 95-202 and 89-046. This language was mandatory. A.C.A. §§24-8-302 and -401; see also Op. Att'y Gen. 95-202.
Participating members were defined in pertinent part as:
 (a) Any judge, licensed to practice law, of a municipal court established in any county and any clerk of such a municipal court appointed by the judges shall be entitled to the benefits prescribed in this subchapter for such judges and clerks.
 (b) Any judge of a municipal court who is not licensed to practice law shall be entitled to the benefits prescribed in § 24-8-310.
A.C.A. § 24-8-305 (Repl. 1992) (emphasis added). For counties with a population of more than one-hundred and fifty thousand (150,000), participating members were defined in pertinent part as:
 Any judge of a municipal court or county municipal court, licensed to practice law, established in any county having a population of one hundred and fifty thousand (150,000) or more, according to the most recent federal census, in which county there are two (2) or more municipal courts, and any clerk of such a municipal court appointed by the judges thereof shall be entitled to the benefits established by this subchapter.
A.C.A. § 24-8-404 (Repl. 1992) (emphasis added).
The term "shall" is mandatory language. See, e.g. Op. Att'y Gen.2004-333. Every elected or appointed municipal judge, therefore, was eligible for benefits under these subchapters. See A.C.A. §§ 24-8-305
(Repl. 1992) and 24-8-404 (Repl. 1992).
If a municipality has undercapitalized the local retirement fund and has insufficient funds to meet its obligation to the DJRS pursuant to A.C.A. § 24-8-810, the obligation may be amortized over a period of time not to exceed thirty years. Id. If, as the letter from the Mayor of Hazen indicates, the City of Hazen never created such a retirement system and Prairie County was not responsible for a local municipal retirement fund under A.C.A. § 24-8-315, the fund meant to pay the DJRS will be undercapitalized in the entire amount of the liability due DJRS. The fees formerly required under A.C.A. § 16-17-112 are distinct from the fees imposed by A.C.A. § 24-8-303 that the municipality was to use to fund a municipal judge retirement system pursuant to A.C.A. § 24-8-302 and §24-8-401. Had the City of Hazen retained the fees assessed under A.C.A. § 24-8-303 for the municipal retirement fund, that amount would have funded the local municipal judge retirement fund and would have been transferred to the DJRS pursuant to A.C.A. § 24-8-810.
If Prairie County was primarily responsible for funding the Hazen municipal court, and validly chose to cover the municipal judge under a local retirement fund, the analysis would be similar to the above analysis. In this respect, Prairie County would be the "government entity that ha[d] established a local municipal judge's retirement fund" responsible to contribute the actuarially determined liability to the DJRS. A.C.A. § 24-8-810(a) (Supp. 2003). In this situation, the quorum court was required to establish a board of trustees to administer the local fund rather then a board of trustees being created by operation of law. A.C.A. § 24-8-315 (Supp. 1993). One of my predecessors opined that a quorum court could validly create a local retirement fund even without establishing a board of trustees and/or assessing fees for the benefit of such a fund. Op. Att'y Gen. 95-202. Specifically, my predecessor noted that as long as the quorum court properly enacted an ordinance selecting the option of covering the municipal court judges under a local retirement fund, the quorum court would have established such a local fund. Id. If the Prairie County quorum court properly enacted an ordinance to cover the municipal judge of Hazen pursuant to A.C.A. §24-8-315(a), the local retirement fund would otherwise be governed by A.C.A. § 24-8-301 through -319. A.C.A. § 24-8-315(a); see also Op. Att'y Gen. 95-202. This determination would be a fact-intensive inquiry which this office is neither authorized nor equipped to undertake. Op. Att'y Gen. 95-202.
If the Prairie County quorum court primarily funded the Hazen municipal court, the quorum court may also have elected to have the Hazen municipal judge covered by the APERS. In this case, the municipal judge who was covered under APERS will continue to be covered by APERS rather than the DJRS. A.C.A. § 24-8-807(b)(1) (Supp. 2003). In this situation, it is possible that Prairie County failed to make the required contributions. When faced with a similar question, my predecessor opined:
 If, however, the municipality had validly elected [to have a municipal judge enrolled in APERS for retirement benefits], but had failed to make the required contributions on the judge's behalf, it would be necessary for the judge to take legal action to enforce his right to have contributions to APERS made on his behalf for the time period during which such right existed. If the judge were successful in that legal action, the logistics of how the enforcement would be carried out would be a matter for the court to decide.
Op. Att'y Gen. 95-202. I am enclosing a copy of Op. Att'y Gen. 95-202 for your convenience. I will note, however, that in the letter attached to your request for an opinion, Hazen claims to have never enrolled the municipal judge in question with APERS. It is unlikely therefore that the proposed factual scenario above occurred.
I reiterate that DJRS is charged with determining the actuarial liability of each municipality for the retirement benefits of inferior court judges. A.C.A. § 24-8-810(a). If the City of Hazen wishes to continue to dispute the amount that the DJRS claims is due, Hazen should continue a dialogue with the DJRS regarding the amount assessed.
In my opinion, the amounts paid to the judicial retirement fund prior to 1995 pursuant to A.C.A. § 16-17-112 to fund the Judicial Retirement System have no impact on the actuarially determined liability a municipality owes the ADJRS under A.C.A. § 24-8-810 to fund the DJRS. I am, however, unable to offer an opinion on the overall amount owed to DJRS by Hazen because I lack the facts necessary to determine whether Prairie County or the City of Hazen was primarily responsible for funding the Hazen municipal court and which option the Prairie County Quorum Court chose if it bore the primary responsibility.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JMD/cyh
[1] Municipal courts were replaced by district courts by Section 7 of Amendment 80 to the Arkansas Constitution.
[2] Pursuant to Amendment 80 to the Arkansas Constitution, effective as of July 1, 2001, circuit and chancery judges have been replaced by circuit judges with jurisdiction over both law and equity. Ark. Const., Amend. 80 § 6.